**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**
**PHILADELPHIA DIVISION**

ZACHARY D. TROUT, individually and on behalf of all others similarly situated,

*Plaintiffs,*

v.

DORMAN PRODUCTS, INC.; RB DISTRIBUTION, INC *dba* RB DISTRIBUTIONS, INC.,

*Defendants.*

CASE NO.:

JUDGE: ______________________________

**COMPLAINT -- CLASS ACTION**
**JURY DEMANDED**

## INTRODUCTION

1. This is an action brought by Zachary D. Trout on behalf of himself and all others similarly situated against Dorman Products, Inc. ("Dorman") and RB Distribution, Inc. *dba* RB Distributions, Inc.[1] ("RB Distribution").

2. Named Plaintiff brings his federal claim against Defendants in order to recover compensation, liquidated damages, attorneys' fees and costs, and other equitable relief pursuant to the Fair Labor Standards Act of 1939 ("FLSA"), as amended 29 U.S.C. § 201, *et seq.* Named Plaintiff seeks Court Supervised Notice pursuant to 29 U.S.C. § 216(b) to inform other similarly situated employees of their rights under the FLSA.

[1] On the Pennsylvania Secretary of State's Office website, Defendant RB Distribution, Inc. is listed as RB Distribution, Inc. However, on Plaintiff's paycheck Defendant is listed as RB Distributions, Inc.. There is no listing for RB Distributions, Inc. on the Pennsylvania Secretary of State's Office website

3. Named Plaintiff and those similarly situated (hereafter, "Putative Plaintiffs") are current and former employees of Defendants who did not receive one and one-half (1 ½) times their regular rate for all hours worked over forty (40) in a workweek.

4. Under the FLSA, Defendants were required to pay for all hours Named Plaintiff and Putative Plaintiffs worked and pay them 150% of their regular rate for all hours worked over forty (40) in a workweek. By willfully failing to compensate Named Plaintiff and Putative Plaintiffs for all hours worked, Defendant violated the FLSA.

## JURISDICTION AND VENUE

5. The jurisdiction of this Court is invoked pursuant to federal question jurisdiction under 28 U.S.C. § 1331, in that this case arises under federal law of the United States. Specifically, Named Plaintiff's claims are brought pursuant to the FLSA, 29 U.S.C. § 216(b).

6. Venue in the Eastern District of Pennsylvania is proper pursuant to 28 U.S.C. § 1391(b) because it is the judicial district in which the Defendant resides, and it is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## PARTIES

### *Plaintiffs*

7. Zackary D. Trout ("Named Plaintiff") is an adult resident of Westmoreland, Tennessee residing at 734 Fairfield Road, Westmoreland, TN 37186. Named Plaintiff was jointly employed by Defendants as an hourly non-exempt employee from August 9, 2016 until June 13, 2025. Before he left the company, he held the title of Replenishment Distribution Specialist II. His consent form is attached hereto as **Exhibit A** and is filed with this Complaint pursuant to 29 U.S.C. § 216(b).

8. The Putative Plaintiffs are all non-exempt employees jointly employed by Defendants within three (3) years preceding the commencement of this action who were not paid overtime at a rate of 150% of their respective regular rates for all hours worked over forty (40) in a workweek.

*Defendants*

9. Defendant Dorman is a for-profit corporation formed in Pennsylvania that jointly employs Named Plaintiff and Putative Plaintiffs with RB Distributions. Process may be served upon Dorman's Registered Agent: Corporation Service Company at 5235 North Front Street, Harrisburg, PA 17110.

10. Defendant RB Distribution is a domestic for-profit corporation formed in Pennsylvania that is registered to do business in Tennessee. It jointly employed Named Plaintiff and Putative Plaintiffs with Dorman Products. Process may be served upon RB Distribution's Registered Agent, Corporation Service Company, at 5235 North Front Street, Harrisburg, PA 17110.

**FACTUAL ALLEGATIONS**

11. During all times material to this Complaint, Defendants are employers who satisfy the definition provided in 29 U.S.C. § 203(d) of the FLSA.

12. During all times material to this Complaint, Defendants jointly employed Named Plaintiff and the Putative Plaintiffs within the meaning of 29 U.S.C. § 203(g).

13. During all times material to this Complaint, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce or has had employees handling, selling, or otherwise

working on goods or materials that have been moved in produced for commerce by any persona, and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

14. During all times material to this Complaint, Named Plaintiff and the Putative Plaintiffs have been Defendants' employees and have been individual employees who were engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

15. During all times material to this Complaint, Defendants jointly hired and continued to employ Named Plaintiff and the Putative Plaintiffs as hourly non-exempt employees.

16. During all times material to this Complaint, Defendants jointly classified the Named Plaintiff and the Putative Plaintiffs as non-exempt and paid at an hourly rate and thus were entitled to be paid at least 150% of their regular rate for all hours worked over forty (40) in a workweek.

*Defendants Are Joint Employers*

17. Defendants are joint employers pursuant to federal and state law.

18. Defendants are integrated companies that share customers, properties, employees, and all other assets.

19. Defendant Dorman Products is an automotive aftermarket parts and components manufacturer[2] who was registered to do business in Kentucky.[3]

---

[2] *About us*, dormanproducts.com, https://www.dormanproducts.com/pages/corporate/about.aspx (last visited Oct. 28, 2025).

[3] *Dorman Products of America, LTD*, Kentucky Secretary of State, https://sosbes.sos.ky.gov/BusSearchNProfile/Profile.aspx/?ctr=41256 (last visited Oct. 28, 2025); Dorman Products, Inc., Exhibit 21 to Annual Report (Form 10-K) (March 15, 2006).

20. R&B, Inc. is a motor vehicle parts and accessories manufacturer who is registered to do business in Colmar, Pennsylvania.[4]

21. Defendant Dorman Products was purchased by R&B, Inc. in 1994.[5]

22. The companies consolidated on December 31, 2005.[6] They rebranded into Dorman Products the following year.[7]

23. At the time of the 2005 merger, Defendant Dorman Products owned and operated the following subsidiaries: RB Distribution, Inc, RB Management, Inc. Dorman Products of America, Ltd. Motor Power Industries, Inc., Scan-Tech USA/Sweden, A.B., All Parts, Inc.[8]

24. Defendant RB Distribution is a subsidiary of Defendant Dorman Products who manufactures motor vehicle parts and accessories and is based in Colmar, Pennsylvania.[9]

25. This means that Defendant Dorman Products is the ultimate legal parent of Defendant RB Distribution and all other facilities it operates and does business as, including other distribution centers and manufacturing facilities not currently named as defendants.

---

[4] *Welcome to Dorman*, dormanproducts.com, https://www.dormanproducts.com/pages/tour/index.html (last visited Oct. 28, 2025).

[5] Id.

[6] Dorman Products, Inc., *supra* note 2, at 4.

[7] *Id.*; *R&B's Name Change to Dorman Products is Now Official; Company Elects Board*, aftermarketnews.com, May 26, 2006, aftermarketnews.com/r-b-s-name-change-to-dorman-products-is-now-official-company-elects-board/ (last visited Oct. 28, 2025); *Dorman Products Inc.*, Pennsylvania Secretary of State, https://file.dos.pa.gov/search/business (last visited Oct. 28, 2025).

[8] Dorman Products, Inc., *supra* note 2, at 4.

[9] *RB Distribution Inc*, Bloomberg.com, https://www.bloomberg.com/profile/company/0129584D:US#:~:text=QUALCOMM%20INC,%2D%2D (last visited Oct. 28, 2025); *Dorman Products Inc.*, *supra* note 6, at 4.

26. Defendant Dorman Products through its subsidiary Defendant RB Distribution is registered to do business in Tennessee,[10] where it operates a distribution center located at 1140 Vaughn Parkway, Portland, Tennessee 37148.[11]

27. During all times material to this Complaint, Defendant Dorman, through its subsidiary Defendant RB Distribution, employed Named Plaintiff and the Putative Plaintiffs.

28. This means that during all times material to this Complaint, Defendant Dorman had the power to hire and fire any and all of Defendant RB Distribution's employees and Defendant Dorman was ultimately responsible for maintaining employment records for Defendant RB Distribution's direct employees.

29. During all times material to this Complaint, Named Plaintiff and the Putative Plaintiffs regularly worked beyond forty (40) hours in a workweek.

30. Named Plaintiff held a number of different positions while working for Defendants. Most recently, he worked as a Distribution Specialist II. In this position, Named Plaintiff was scheduled to work Friday through Sunday from 7:00 a.m. until 7:00 p.m., but he frequently worked overtime.

31. Named Plaintiff was paid $20.51 per hour with shift differentials. On Friday and Saturday, he was paid a shift differential of $2.00 per hour and on Sunday he was paid a shift differential of $3.00 per hour. He also received a monthly non-discretionary bonus if he met his production goals.

32. As a Distribution Specialist, Named Plaintiff's responsibility was to fulfill customer orders; pick and put-away product; and replenish picking locations.

---

[10] *RB Distribution, Inc.*, Tennessee Secretary of State, https://tncab.tnsos.gov/business-entity-search (last visited Oct. 28, 2025).
[11] *About us*, *supra* note 2, at 4.

33. During all times material to this Complaint, Defendants recorded Named Plaintiff and the Putative Plaintiffs' hours worked.

34. During all times material to this Complaint, Defendant Dorman Products manages and directs the financials of its subsidiaries including, but not limited to, Defendant RB Distribution and controls the pay, hours and schedules of Named Plaintiffs and the Putative Plaintiffs.

35. During all times material to this Complaint, Defendants closely monitored the work of Named Plaintiff and the Putative Plaintiffs performed by tracking Named Plaintiff and the Putative Plaintiffs' productivity using a system called Easy Metrics. Defendants tracked Named Plaintiff and the Putative Plaintiffs' location in the worksite and the type of work they performed using a handheld device called a Radio Frequency (RF) scanner.[12] Defendants maintained a companywide policy requiring Named Plaintiff and the Putative Plaintiffs to perform work in their designated department and their RF scanner would not permit them to perform work in the workspaces assigned to other departments.

36. During all times material to this Complaint, Defendants incentivized Named Plaintiff and the Putative Plaintiffs to increase their productivity by offering them monthly non-discretionary bonuses if they met their production goals.

37. During all times material to this Complaint, Defendants jointly have (or had) the power to hire and fire Named Plaintiffs and the Putative Plaintiffs; supervise and control Named Plaintiffs and the Putative Plaintiffs' work schedules and conditions of employment; determine their rate and method of payment; and jointly maintain their employment records.

---

[12] *Id.*

38. As a result, Defendants are/were responsible, both individually and jointly for compliance with all applicable provisions of the FLSA, with respect to the entire employment for the workweeks at issue in this case.

*Defendants' Regular Rate Violation*

39. During all times material to this Complaint, Defendants failed to calculate Named Plaintiff and the Putative Plaintiffs regular rate of pay correctly.

40. Named Plaintiff was paid $20.51 per hour with shift differentials. On Friday and Saturday, he was paid a shift differential of $2.00 per hour and on Sunday he was paid a shift differential of $3.00 per hour. He also received a monthly bonus if he met his production goals.

41. At various times during Named Plaintiff and the Putative Plaintiff's employment, Defendants would exclude this shift differential when calculating the regular rates of pay owed to Named Plaintiff and the Putative Plaintiff. Defendants would also exclude this shift differential when calculating Named Plaintiff and the Putative Plaintiffs' regular rates of pay for overtime purposes. *See, e.g.,* Paystub, attached hereto as **Exhibit B**.

42. During all times material to this Complaint, Defendants' failure to pay Named Plaintiff and the Putative Plaintiffs for all hours worked was a violation of the FSLA.

43. During all times material to this Complaint, Defendants knowingly, willfully, or with reckless disregard carried out this illegal pattern or practice of failing to pay Named Plaintiffs and the Putative Plaintiffs for all hours worked.

44. During all times material to this Complaint, Defendants' pay practice of not paying Named Plaintiffs and the Putative Plaintiffs for all hours worked, including all hours worked over forty (40) in a workweek at an amount equal to 150% of their regular rate, was willful and not in good faith.

*Defendants' Overtime Rate Violation*

45. During all times material to this Complaint, Named Plaintiff and the Putative Plaintiffs have not been exempt from receiving overtime benefits under the FLSA because, *inter alia*, they were not "executive," "administrative," or "professional" employees, as those terms are defined under the FLSA. 29 C.F.R. §§ 541.0, *et seq.*

46. During all times material to this Complaint, Defendants would record Named Plaintiff and the Putative Plaintiffs' hours worked using a time clock system wherein Named Plaintiff and the Putative Plaintiffs would have to manually clock themselves in to work and clock themselves out at the end of their respective shifts.

47. During all times material to this Complaint, Named Plaintiff and the Putative Plaintiffs regularly worked beyond a forty (40) hour workweek.

48. During all times material to this Complaint, Defendants failed to properly calculate Named Plaintiff and the Putative Plaintiffs' regular rate of pay.

49. During all times material to this Complaint, Defendants failed to properly calculate Named Plaintiff and the Putative Plaintiffs' overtime wages at a rate of one and one-half (1 ½) times their regular rate of pay.

50. During all times material to this Complaint, Named Plaintiff and the Putative Plaintiffs were paid an hourly rate with shift differentials. On Friday and Saturday, Defendants paid their employees a shift differential of $2.00 per hour. On Sunday, Defendants paid their employees a shift differential of $3.00 per hour. He also received a monthly non-discretionary bonus if they met their production goals.

51. During all times material to this Complaint, Defendants had a company-wide policy that employees would not be eligible to receive overtime pay until they worked more than

forty-four (44) hours in a workweek. Employees who worked forty-four (44) hours or less per workweek were paid straight time. **Exhibit B.**

52. As a result, Defendants failed to properly calculate Named Plaintiff and the Putative Plaintiffs' regular and overtime rates of pay.

53. During all times material to this Complaint, Defendant's failure to pay Named Plaintiff and the Putative Plaintiffs for all hours worked over forty (40) at one and one-half (1 ½) times their proper regular rates was a violation of the FLSA.

54. When Defendants paid Named Plaintiff and the Putative Plaintiff at their overtime rate, Defendants failed to include Named Plaintiff and the Putative Plaintiff's shift differentials and non-discretionary bonuses in their regular rate of pay, as is required by 29 C.F.R. § 778.209.

55. During all times material to this Complaint, Defendant knowingly, willfully, or with reckless disregard carried out this illegal pattern or practice of failing to pay Named Plaintiff and the Putative Plaintiffs for all hours worked, including all hours worked over forty (40) in a work week at an amount equal to 150% of their regular rate.

56. During all times material to this Complaint, Defendant's practice of not paying Named Plaintiff and the Putative Plaintiffs for all hours worked, including all hours worked over forty (40) in a workweek at an amount equal to 150% of their regular rate was willful and not in good faith within the meaning of 29 U.S.C. § 255(a).

**COLLECTIVE ACTION ALLEGATIONS AND REQUEST FOR COURT SUPERVISED NOTICE PURSUANT TO 29 U.S.C. § 216(b) ALLEGING FLSA VIOLATIONS**

57. Named Plaintiff re-alleges and incorporates by reference, the allegations set forth in the preceding paragraphs.

58. Named Plaintiff requests that the Court issue Court Supervised Notice to the following group of current and former employees defined as:

> **All current and former hourly non-exempt employees jointly employed by Dorman Products, Inc. and RB Distribution Inc. nationwide who, within the three (3) years preceding the commencement of this action through the present, were paid at the incorrect rate for all hours worked. ("Employees Entitled to Notice").**

59. Named Plaintiff reserves the right to amend and refine the definition of the Employees Entitled to Notice he seeks to have the Court serve notice upon based on further investigation and discovery.

60. The precise size and identity of the proposed Employees Entitled to Notice should be ascertainable from the business records, tax records, and/or employee and personnel records of Defendant.

61. Court Supervised Notice pursuant to 29 U.S.C. § 216(b) to the employees Entitled to Notice is appropriate because there exists at least a strong likelihood that they are similarly situated to the Named Plaintiff.

62. Sending Court Supervised Notice pursuant to 29 U.S.C. § 216(b) to the Employees Entitled to Notice is appropriate because they have been subjected to single companywide policies and common business practices referenced in the paragraphs above, and the success of their claims depends upon the resolution of the common issues of law and fact including, *inter alia*, whether Defendant satisfied the FLSA's requirements for paying for all hours worked over forty (40) in a workweek at one and one-half (1 ½) times their respective regular rates.

63. Named Plaintiff and the Employees Entitled to Notice, having willfully been not paid their entitled wages for work they performed pursuant to the common policies described herein are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

64. Named Plaintiff and the Employees Entitled to Notice have been similarly affected by the violations of Defendant in the workweeks during the relevant time period, which amount to a single decision, policy, or plan to willfully avoid paying wages at FLSA compliant rates.

65. Named Plaintiff seeks to have the Court send supervised notice pursuant to 29 U.S.C. § 216(b), as defined above, to the proposed group of similarly situated current and former employees, i.e., Employees Entitled to Notice.

66. Named Plaintiff is similarly situated to the Employees Entitled to Notice and will prosecute this action vigorously on their behalf.

67. Named Plaintiff intends to send notice to all of the Employees Entitled to Notice pursuant to Section 216(b) of the FLSA. The names and addresses of the Employees Entitled to Notice are available from Defendants' Records. For the purpose of notice and other purposes related to this action, their names, addresses, e-mail addresses, and phone numbers are readily available from Defendants. Notice can be provided by means permissible under the FLSA.

68. Named Plaintiff and the Employees Entitled to Notice have been similarly damaged by Defendants' willful refusal to pay 150% of Named Plaintiffs' and the Employees Entitled to Notice's regular hours for all hours worked beyond forty (40) in a workweek by paying them at the incorrect rate for some or all of the hours worked, including overtime.

69. As a result of Defendants' FLSA violations, Named Plaintiff and the Employees Entitled to Notice are entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorney's fees.

70. Any alleged defenses Defendants may raise will be common to the Named Plaintiff and the Employees Entitled to Notice.

## CAUSES OF ACTION

*COUNT I:*
*VIOLATION OF THE MINIMUM WAGE AND OVERTIME REQUIREMENTS OF THE FLSA*

71. Named Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

72. Named Plaintiff asserts this claim on behalf of himself and all other similarly situated individuals who opt into this action by filing a consent form pursuant to 29 U.S.C. §261(b).

73. During all times material to this Complaint, Named Plaintiff and the Employees Entitled to Notice are employees, as that term is defined by 29 U.S.C. § 203(3)(1), and, therefore, are entitled to the FLSA's protections.

74. During all times material to this Complaint, Defendants are joint employers, as defined by 29 U.S.C. § 203(d) and are subject to the FLSA's mandates.

75. During all times material to this Complaint, Defendants jointly employed Named Plaintiff and the Employees Entitled to Notice, as that term is defined by 29 U.S.C. § 203(g).

76. During all times material to this Complaint, Named Plaintiff and the Employees Entitled to Noice have not been exempt from receiving overtime benefits under the FLSA because, *inter alia*, they were not "executive," "administrative," or "professional" employees, as those terms are defined under the FLSA. *See* 29 C.F.R. §§ 541.0, *et seq.*

77. During all times material to this Complaint, Defendants regularly employed Named Plaintiff and the Employees Entitled to Notice to work more than forty (40) hours in a workweek.

78. The FLSA entitles employees to an overtime rate "not less than one and one-half times" their regular rate of pay for hours worked over forty (40) hours in a workweek. 29 U.S.C. § 207.

79. The minimum overtime hourly wage is $10.88 per hour, which is one and one-half (1 ½) times the federal minimum wage set forth by the FLSA. 29 U.S.C. §§ 206(a), 207.

80. Defendants violated federal law because it failed to pay Named Plaintiff and the Employees Entitled to Notice at their regular and overtime rate for all hours worked.

81. Defendants knew or should have known that Named Plaintiff and the Employees Entitled to Notice should have been paid for all hours worked at either their regular rate or their overtime rate, which is a rate not less than time and one-half their regular rate for pay for all hours worked over forty (40) in a workweek.

82. Defendants, as described above, violated the FLSA, 29 U.S.C. § 207 by failing to pay Named Plaintiffs and the Employees Entitled to Notice at the appropriate regular and overtime rate for all hours worked.

83. Named Plaintiffs and the Employees Entitled to Notice should have been paid 150% of their regular rate for all hours worked beyond forty (40) in a workweek during the three years from the filing date of the Complaint or when they join this lawsuit.

84. Defendants willfully violated and continues to willfully violate the FLSA, by having engaged and continuing to engage in conduct, which demonstrates a willful and/or reckless disregard for the provisions of the FLSA.

85. Named Plaintiffs and the Employees Entitled to Notice are entitled to unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available as compensation for Defendants' violations of FLSA, by which the Named Plaintiffs and the Employees Entitled to Notice have suffered and continue to suffer damages.

## PRAYER FOR RELIEF

WHEREFORE, Named Plaintiff, on behalf of himself and the Putative Plaintiffs, pray that this Court issues an Order granting the following relief:

A. Sending Court Supervised Notice to the FLSA Employees Entitled to Notice as defined herein and requiring Defendant to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

B. Designating Named Plaintiff as representative for the FLSA Employees Entitled to Notice and designating counsel of record as Class Counsel;

C. Issuing proper notice to the FLSA Employees Entitled to Notice at Defendants' expense;

D. A judgment against Defendants and in favor of Named Plaintiff and all other similarly situated individuals who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b), for all unpaid wages, including overtime wages and equal amount as liquidated damages, pursuant to the FLSA and the supporting regulations for the Named Plaintiff and the FSLA Employees Entitled to Notice;

E. A finding that Defendants have violated the FLSA and that these violations were willful and not in good faith;

F. Awarding pre-judgment and post-judgment interest;

G. Awarding the costs and expenses of this action, together with reasonable attorneys' fees, and expert fees; and

H. Any other relief to which the Named Plaintiff and Employees Entitled to Notice may be entitled.

## JURY DEMAND

Plaintiff requests a trial by jury on all their claims.

Dated: December 22, 2025

Respectfully submitted,

**BARKAN MEIZLISH DEROSE COX, LLP**

*/s/ Robert E. DeRose*
Robert E. DeRose (PA Bar No. 94395)
Nickole K. Iula (OH Bar No. 0099895)*
Anna R. Doren (OH Bar No. 0104562)*
4200 Regent Street, Ste 210
Columbus, OH 43219
Phone: (614) 221-4221
Fax: (614) 744-2300
Email: bderose@barkanmeizlish.com
niula@barkanmeizlish.com
adoren@barkanmeizlish.com

**Pro Hoc Vice forthcoming.*